# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SECURITIES AND EXCHANGE COMMISSION,**

        **Plaintiff,**

**-vs-**                                       **Case No.:  6:99-cv-1053-Orl-28KRS**

**SEBASTIAN INTERNATIONAL ENTERPRISES, INC., et al.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **FIRST MOTION BY COURT APPOINTED RECEIVER FOR AUTHORIZATION TO MAKE PAYMENT TO COURT APPOINTED RECEIVERSHIP ATTORNEY (Doc. No. 648)**
>
> **FILED:** **June 29, 2005**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

> **MOTION:** **FIRST MOTION BY COURT APPOINTED RECEIVER FOR AUTHORIZATION TO MAKE PAYMENT TO RECEIVER (Doc. No. 649)**
>
> **FILED:** **June 29, 2005**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On November 16, 2004, the Court appointed David Almstead as the substitute Receiver in this matter and Christopher R. Qualmann as the attorney for Receiver Almstead.  Doc. No. 626. The Receiver and his attorney now seek authorization for the receivership estate to reimburse them for their time and the expenses they have incurred since their respective appointments.

"The award of receivership fees in an SEC action is analogous to the award of receivership fees in bankruptcy proceedings." *San Vicente Medical Partners Ltd. v. Sec. & Exch. Comm'n*, 962 F.2d 1402, 1409 (9th Cir. 1992).  The district court's decision regarding the award of such fees is reviewable only for an abuse of discretion.  *Id.*

Using bankruptcy law as an analogy, a receiver is entitled to be reimbursed for the actual and necessary expenses incurred in preserving the estate.  A receiver is also entitled to reasonable compensation for professional services rendered based on the time, nature, extent, and value of such services and the cost of comparable services, as well as the actual, necessary expenses incurred by the professional.  *Cf.* 11 U.S.C. §§ 330; 503(b)(3)(D), (b)(4) (addressing administrative expenses in bankruptcy proceedings).  A claim for receivership expenses must be supported by sufficient information for the Court to determine that the expenses are an actual and necessary cost of preserving the estate.  *Cf. In re F.A. Potts & Co., Inc.* 114 B.R. 92, 94 (E.D. Pa. 1990) (U.S. government sought administrative costs in a bankruptcy proceeding).

In the present motions, the Receiver and his attorney propose that the Court authorize the receivership estate to reimburse them on a flat-fee basis per quarter, with the Court reserving authority to adjust the fee if necessary based upon the work performed.  The Receiver proposes

that he be paid $2000 per quarter, and that the Receiver's attorney be paid $3000 per quarter. Both the Receiver and his attorney agree to absorb their routine, non-extraordinary expenses related to the receivership, as part of this flat fee. Mr. Qualmann notes that if he were reimbursed for the work performed to date, at the rate of $200.00 per hour, the receivership would be required to pay an attorney's fee of $10,000.00. While the Receiver has no "standard hourly rate" for his work, he was appointed Special Master and, subsequently, substitute Receiver in this case because of his extensive experience in television production. He proposes this flat-fee system as a method that will reduce the administrative expenses of the receivership, which, in the past, have been increased by the need for the Receiver and his attorney to file detailed petitions for awards of fees and expenses.

    I recommend that the Court approve the flat-fee payment system. I further recommend that the payments be made in arrears, that is that no payment be made until the end of the quarter with respect to which the payment is due. I also recommend that the Receiver and his attorney file with the Court on the last business day in January and the last business day in July a summary of the work performed in the previous two quarters in sufficient detail to permit the Court to assess whether the flat fees paid continued to be reasonable for the work performed. The Receiver and his attorney may file requests for additional reimbursement of extraordinary expenses whenever necessary.

    Based on this recommendation, payments are due for the work performed from November 16, 2004 through December 2004, and the first two quarters of 2005. The Receiver and his attorney recommend that they receive one-half of the flat fee for the work performed in 2004 ($1000 for the Receiver and $1500 for his attorney). This approach is a reasonable adjustment.

Therefore, I respectfully recommend that the Court authorize the receivership estate to pay the Receiver the sum of $5000 and Mr. Qualcomm, the Receiver's attorney, the sum of $7500.[1]  I further recommend that the Court authorize the Receiver to pay himself $2000 per quarter and his attorney $3000 per quarter, in the manner discussed herein, without the need to file a motion for authorization for these payments at the end of each quarter.

I further recommend that the Receiver, through his attorney, file the first summary report on or before July 29, 2005.  The report should give the Court an overview of the present status of the receivership estate, including the results obtained for the receivership estate since the substitute Receiver and his attorney were appointed.  *Sec. & Exch. Comm'n v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992) ("Whether a receiver merits a fee is based on the circumstances surrounding the receivership, and 'results are always relevant.'") (quoting *Sec. & Exch. Comm'n v. Moody*, 374 F. Supp. 465 (S.D. Tex. 1994)).  Results obtained may include, for instance, progress on collection of any remaining assets of the receivership estate, progress on liquidation and distribution of the estate assets, and the like.  Thereafter, summary reports should be filed on the last business day of

---

[1] The calculations for the payment to the Receiver is $1000 for the work during part of the last quarter of 2004, $2000 for the work during the first quarter of 2005, and $2000 for the work during the second quarter of 2005, for a total of $5000.  The calculations for the payment to the Receiver's attorney is $1500 for the work during part of the last quarter of 2004, $3000 for the work during the first quarter of 2005, and $3000 for work during the second quarter of 2005, for a total of $7500.

January and the last business day of July until such time as the receivership is terminated.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 8, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy